# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JENNIFER ASPREY KEANE and CHRISTOPHER KEANE, wife and husband, <br><br> Plaintiff/Counter-Defendants, <br><br> v. <br><br> 40 YEARS, INC. (d/b/a 40 Years of Zen), a Delaware Corporation, and DAVID ASPREY, <br><br> Defendants/Counter-Plaintiffs/Third-Party Plaintiffs, <br><br> v. <br><br> ZOOMIUS, INC., a Nevada Corporation, and TRACK INTELLIGENCE, INC., a Nevada corporation, <br><br> Third-Party Defendants. | CASE NO. C18-1768 RSM <br><br> ORDER DENYING PLAINTIFFS' MOTION FOR STATUS CONFERENCE |

Plaintiffs have requested that the Court schedule a status conference to address "the undesirable trajectory of the attorneys' working relationship in this case" and to "explore an appropriate judicial resource and/or process (magistrate judge or special master) to address attorney professionalism, should the need arise in the future." Dkt. #48. Defendants choose to file 249 pages in response to provide the Court "all necessary context" to consider the attorneys' professionalism and to air their own grievances. Dkts. #50 and #51. Defendants argue that the

ORDER – 1

Court should "reject the [Plaintiffs'] Motion for a Status Conference for a failure to comply with the Local Rules," but should, nevertheless, hold a status conference to discuss Plaintiffs' conduct and other case developments. Dkt. #50. The Court declines to play audience to the numerous arguments and disputes that appear to plague this litigation.

Plaintiffs are correct that the Court places a high emphasis on the professionalism of the counsel appearing before it. The Court's Local Civil Rules specifically provides:

> Along with the cost of civil litigation, the judges of this district are very concerned about professionalism among attorneys, especially in the conduct of discovery. The judges of this district expect a high degree of professionalism from the lawyers practicing before them. The orders issued by judges of this district at the outset of a case to govern conduct and scheduling of written discovery and depositions express those expectations. There should be no difference between the professional conduct of counsel when appearing before the court and when engaged outside it whether in discovery or any other phase of a case.

Local Civil Rules, Intro. Further, local counsel is specifically to "remind *pro hac vice* counsel of the court's commitment to maintaining a high degree of professionalism and civility from the lawyers practicing before this court as set forth in the Introduction to the Civil Rules." LCR 83.1(d)(2).

The Court expects all counsel to act professionally, but that responsibility lies primarily with counsel. The Court addresses sanctionable conduct to protect the integrity of the courts.[1] The Court should not have to referee uncivil interactions, especially in cases where the disputes are frequent and unrestrained. The Court will not volunteer to be drawn into the fray. The Court cannot imagine that these slights and retorts are a constructive use of the parties' money (or counsels' time and efforts). But commandeering the Court's time to address counsels' inability to interact civilly and professionally is a flippant use of scarce judicial resources.

---

[1] This is not an invitation to bring disputes before the Court as motions for sanctions.

ORDER – 2

| | |
|---|---|
| 1 | The unnecessarily contentious nature of the litigation is evident. But beyond an equally pointed admonishment, it is unclear what a status conference would accomplish at this point. The parties, not the Court, must determine how all involved can maintain a professional working relationship and resolve this dispute for their clients. Accordingly, Plaintiffs' Motion for Status Conference (Dkt. #48) is DENIED. |

The unnecessarily contentious nature of the litigation is evident. But beyond an equally pointed admonishment, it is unclear what a status conference would accomplish at this point. The parties, not the Court, must determine how all involved can maintain a professional working relationship and resolve this dispute for their clients. Accordingly, Plaintiffs' Motion for Status Conference (Dkt. #48) is DENIED.

Dated this 1st day of February 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3